IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02369–PAB–KMT

LARRY SIPES,

    Plaintiff,

v.

ALLSTATE INDEMNITY COMPANY, an Illinois corporation,

    Defendant.

---

**ORDER**

---

This matter is before the court on "Plaintiff's Unopposed Motion for 'In-Camera' Review of Claim Diary Redactions, Withheld Claim Diary Attachments and Withheld Claim File Documents" ("Mot.") [Doc. No. 110] filed April 26, 2013. Defendant filed a response on May 6, 2013 ("Resp.) [Doc. No. 121] and submitted un-redacted copies of the claim diary, withheld attachments to the claim diary, index to claim diary, and amended log to privileged claim file documents [Doc. No. 123, filed May 9, 2013]. The court has reviewed *in camera* every disputed claim diary entry and matched every disputed attachment to the claim diary where appropriate, as well as reviewing the document itself completely. Additionally, the court reviewed the separately objected to documents.

The court has been able to verify that claim diary entries dated "07/25/12, 04/30/12, 02/04/12, 01/04/12, 01/03/12" are nothing more than the exact amount, repeated on each of the entries, that was the original payment made to "Plaintiff's mortgagee pursuant to the lost payee clause of the subject insurance contract." (See Resp. at 5.) Further, no entry among those reviewed *in camera* and withheld on the grounds of privilege in the claims diary indicated "settlement authority" beyond what had already been paid to the mortgagee until the January 2013 mediation. The court disagrees with the characterization by Plaintiff that the claims file "is completely devoid of any documentation of the basis for the decision to pay the fire loss almost three (3) years after the occurrence." (Mot. at 4.) Plaintiff is well-aware of the addition of a new expert, Mr. Toth and his opinions entered in or about October 2012, and there is a notation about the report in the claims diary that was not withheld. (*See* claim diary entry November 19, 2012 at 3:18 p.m.) There is no reason to believe that Ms. Kidwell will be unable to fully explain her reasons for re-evaluation of the claim based upon Mr. Toth's report without the requirement of disclosing privileged material.

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and locations of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Jurisdiction in this case is premised upon diversity and therefore state law controls the determination of attorney-client privilege issues. In Colorado, the attorney-client privilege is "established by the act of a client seeking professional advice from a

2

lawyer and extends only to confidential matters communicated by or to the client in the course of gaining counsel, advice, or direction with respect to the client's rights or obligations." *People v. Tucker*, 232 P.3d 194, 198 (Colo. App. 2009). The privilege only applies to communications under "circumstances giving rise to a reasonable expectation that the statements will be treated as confidential." *Wesp v. Everson*, 33 P.3d 191, 197 (Colo. 2001).

With the following exceptions, the court finds that all the claim diary entries that have been redacted and the attachments related thereto were properly withheld either on the grounds of attorney-client privilege or work product protection. The parties and the court have made extensive records on the body of law associated with both privileges, and legal authority will not be extensively repeated here.

The following entries in the claim diary are not attorney-client privileged documents, nor are they subject to a claim of work product protection even though litigation was in progress/anticipated at the time. The entries do not concern advice to or from an attorney, but instead reflect an adjuster investigating some background facts about Mr. Sipes, the policy, loss history, etc. This is activity which is commonly associated with adjusting a claim by an insurance company and is therefore discoverable. *See Hurtado v. Passmore & Sons*, 2011 WL 2533698, at *4-5 (D. Colo. June 27, 2011)(results of factual investigation not privileged). Those diary entries occurred on: October 6, 2011 at 1:54 p.m. and on October 7, 2011 at 2:55 p.m., 2:57p.m., 3:18 p.m. and 3:21 p.m. Therefore, the Defendant will produce those claims diary entries to the Plaintiff on or before May 15, 2013.

With respect to the separate documents contained on Exhibit 4 to Plaintiff's Motion, the documents all contain privileged information which renders them properly withheld from discovery. One document, however, deserves special mention. The May 31, 2011 entry on Exhibit 4 is a billing statement from Harris, Karstaedt, Jamison & Powers, P.C. to Allstate. An attorney generally may not refuse to answer questions about the identity of a client and fee arrangements. *Lee v. State Farm Mut. Auto. Ins. Co.,* 249 F.R.D. 662, 684 (D. Colo. 2008). In general, billing records are not accorded privileged status unless specific entries contain privileged communications. For instance, information on an attorney's billing statement that shows the fee amount, the general nature of the services performed, and the case on which the services were performed is not considered privileged. *United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir. 1974). However, billing statement entries that reflect the client's motive in seeking representation, litigation strategy, or the specific nature of services provided, such as researching particular areas of the law, are privileged. *See In re Gibco, Inc*., 185 F.R.D. at 299; *Roe*, 281 F.R.D. at 636.

The May 31, 2011 billing statement contains entries that are specific between an attorney and his client regarding particular events and would reveal litigation strategy if disclosed. Therefore the document is privileged and properly withheld from production.

It is therefore **ORDERED**

1. Pursuant to the court's *in camera* review, Defendant shall produce documents to Plaintiff consistent with this Order on or before May 13, 2013.

It is further **ORDERED**

2.     The deposition of Lori Kidwell shall be completed before May 22, 2013.

3.     Any additional expert witness opinions by either party's claim handling expert shall be disclosed on or before June 3, 2013.

4.     Any further discovery deposition of either party's claim handling expert shall be completed on or before June 13, 2013.

5.     The dates previously set for the Trial Preparation Conference and the Trial before District Judge Phil A. Brimmer shall not be affected by this Order.

Dated this 12th day of May, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge